J-S26021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RASHAWN FARMER-SHAW | : | |
| | : | |
| Appellant | : | No. 4068 EDA 2017 |

Appeal from the PCRA Order November 17, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0606951-2002,
CP-51-CR-0714361-2002

BEFORE:   PANELLA, P.J., GANTMAN, P.J.E., and PELLEGRINI*, J.

JUDGMENT ORDER BY GANTMAN, P.J.E.:          **FILED MAY 29, 2019**

Appellant, Rashawn Farmer-Shaw, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his second petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On February 27, 2004, a jury convicted Appellant at Docket Nos. 606951-2002 and 714361-2002, collectively, of robbery, conspiracy to commit robbery, possession of an instrument of crime ("PIC"), and related offenses.  That same day, the court sentenced Appellant at both docket numbers to an aggregate term of 20 to 40 years' incarceration. Appellant sought no direct review, so the judgment of sentence became final on Monday, March 29, 2004, the last day he could have filed a direct appeal.

On December 1, 2008, Appellant *pro se* filed his first PCRA petition at both docket numbers.  The PCRA court appointed counsel and later denied

_____
*   Retired Senior Judge assigned to the Superior Court.

relief on August 16, 2013. This Court affirmed on December 3, 2014. **See**

**Commonwealth v. Farmer-Shaw**, 116 A.3d 677 (Pa.Super. 2014)

(unpublished memorandum). On March 23, 2016, Appellant filed *pro se* his

second and current PCRA petition at both docket numbers. The PCRA court

issued Rule 907 notice, and Appellant responded *pro se* on October 13, 2017.

On November 17, 2017, the PCRA court dismissed Appellant's petition at both

docket numbers. Appellant filed *pro se* a timely notice of appeal at both docket

numbers on December 11, 2017.[1] The PCRA court ordered Appellant on

December 26, 2017, to file a concise statement of errors complained of on

appeal per Pa.R.A.P. 1925(b); Appellant failed to comply.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional

requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A

PCRA petition, including a second or subsequent petition, shall be filed within

one year of the date the underlying judgment of sentence becomes final. 42

Pa.C.S.A. § 9545(b)(1). A judgment of sentence is deemed final "at the

conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The

statutory exceptions to the PCRA time-bar allow very limited circumstances to

---

[1] Appellant filed his notice of appeal prior to June 1, 2018. Thus, this case does not present a jurisdictional issue pursuant to **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018).

excuse the late filing of a petition; a petitioner asserting a timeliness exception must also file the petition within 60 days of when the claim could first have been presented.[2]  42 Pa.C.S.A. § 9545(b)(1-2).  When asserting the newly created constitutional right exception under Section 9545(b)(1)(iii), "a petitioner must prove that there is a 'new' constitutional right and that the right 'has been held' by that court to apply retroactively."  ***Commonwealth v. Chambers***, 35 A.3d 34, 41 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).  Additionally, to be eligible for relief under the PCRA, a petitioner must plead and prove, *inter alia*, his allegations of error were not previously litigated.  42 Pa.C.S.A. § 9543(a)(3).

Instantly, Appellant's judgment of sentence became final on Monday, March 29, 2004, upon expiration of the time to file a direct appeal.  ***See*** Pa.R.A.P. 903(a).  Appellant filed the current PCRA petition on March 23, 2016, which is patently untimely.  ***See*** 42 Pa.C.S.A. § 9545(b)(1).  Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar, relying on ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (decided on June 17, 2013), and its Pennsylvania progeny.  ***Alleyne***, however, does not apply in Appellant's case.  ***See Commonwealth v. Washington***, 636 Pa. 301, 142 A.3d 810 (2016) (holding ***Alleyne*** cannot

---

[2] As of December 24, 2018, Section 9545(b)(2) changed the 60-day rule and now allows **one year** from the date the claim first could have been presented.  ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2, effective in 60 days [Dec. 24, 2018].  This amendment does not apply to Appellant's case.

be used retroactively on collateral review to challenge sentences which became final before **Alleyne** was decided). Furthermore, Appellant unsuccessfully litigated a substantially identical claim in his first PCRA petition. **See** 42 Pa.C.S.A. § 9543(a)(3). Thus, Appellant's petition remains time-barred, and the PCRA court lacked jurisdiction to review it. **See Ziegler, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/29/19